## SUPREME COURT.

### DAVIDSON agt. MINER.

Where the assignee, in consideration of the assignment of a claim, agreed with the assignor that when he collected it he would pay the assignor fifty dollars. In an action by the assignee for the recovery of the claim—*held*, that the assignor was a *competent witness* for the assignee. (*See Allen agt. Franklin Insurance Co., ante, p.* 501 *to the same point.*)

*Ulster Special Term, April,* 1854. Motion for new trial. The action was brought to recover money alleged to have been received by the defendant as the guardian of one Hiram Davis. Davis had assigned the demand to the plaintiff. When the assignment was executed, the plaintiff made and delivered to Davis his note as the consideration of the assignment, which note is as follows: "I hereby agree and promise to pay Hiram Davis fifty dollars for a claim against Edwin Miner I have this day bought of him when I collect the same. Dated August 31, 1853. Harvey F. Davidson."

Upon the trial, the plaintiff offered Davis as a witness. He was objected to, and excluded on the ground that the action was prosecuted for his immediate benefit. No other evidence having been offered, the plaintiff was non-suited. The plaintiff moved for a new trial on the ground that the witness Davis was competent and ought not to have been excluded.

W. MURRAY, Jr., *for plaintiff.*
W. YEOMANS, Jr., *for defendant.*

HARRIS, Justice. Davis clearly had a direct interest in the event of the suit. He had sold the cause of action for which the suit was brought to the plaintiff, and had agreed that the payment of the price should depend upon the plaintiff's success in collecting the demand. If the plaintiff never collected anything, he never would be liable to pay Davis anything. When he should succeed in collecting the demand, then, and not till then, would Davis have a right of action against him for the $50 which he had agreed to pay as the consideration of the sale. A clearer case of disqualifying interest at common law could

scarcely be put. The witness had agreed that his right of action against the plaintiff should depend upon the plaintiff's success in this suit. The witness must inevitably gain or lose by the result of the trial in which he is called to testify.

But the Code has declared that no witness shall be excluded on account of his interest in the event of the suit. To sustain the ruling at the trial, it must appear that it is in fact *his suit*, in which he is called to testify. Of this there is no evidence. It is the plaintiff's suit. He holds the demand upon which the action is brought by a valid transfer. He alone has the right to take the conduct of the suit, and, if successful, receive the fruits of it. He alone, if unsuccessful, is liable for the costs. In no proper sense of the term can it be said that the suit is prosecuted for the benefit of Davis. All that can be said is, that if the plaintiff recovers the demand in suit, he will owe the witness $50; if he does not, he will owe him nothing. Thus, the witness has an interest in *the event* of the suit, but has no interest in the suit itself. He cannot discharge the cause of action. He cannot receive the recovery, if it should be had. It is not prosecuted for his immediate benefit. It was error, therefore, to reject Davis as a witness, and a new trial must be granted.